### YSMAEL OCHOA vs. J. P. MILLER ET. AL.

SUPREME COURT, AUSTIN TERM, 1883.

*Will—Probate of—Evidence.* A will cannot be used in evidence, in this State, as constituting a title, or a link in a chain of title to property, without it has been probated in the manner and form required by our law.

*Deed—Husband and Wife.* The signature of the husband to a deed and his acknowledgement is sufficent to show he had joined with his wife in the conveyance.

*Payment of Taxes—Evidence.* The Comptroller's receipt is neither the best nor the only evidence of the payment of taxes. The payment may be shown by direct or circumstantial evidence of a legitimate character.

Appeal from El Paso County.

*A. Q. Wingo* for appellant.

Opinion by West J.

In view, of the very careful provisions of our statutes, as the exe-

cution, (Rev. Stat. Arts. 4857—4876) and the manner (Rev. Stat. Arts. 1831 to 1835 and 1847—1856 *et seq.*) and the time (Rev. Stat. Art. 1828), in which, wills shall be probated, deposited, and recorded, we are of the opinion, that a will cannot be used in evidence in this State as constituting a title, or a link in the chain of title, to property, without it has been probated, in the manner, and form required by our law.

Paschal vs. Acklin, 27 Tex. 173.

Tynan vs. Paschal, 27 Tex. 286.

This seems now to be the general rule, on this question in the United States.

In vol. 1 of Wharton on the Law of Evidence, it is said; (Section 66) "without this proof (probate) the will itself, as a title to property, cannot be received in evidence". For this he recites many authorities, some of which however do not seem to bear him out in his statement.

In Greeenleaf (1 vol. sec. 518) the rule is laid down as follows : "In all cases where the Court of Probate has jurisdiction, its decree is the proper evidence of the probate of the will."

Abbot in his work on Trial Evidence (page 109 section 59) says : "A will, is put in evidence by showing it to have been duly proved in the probate or other competent court within the state. This is now the primary and exclusive mode of proving a domestic will." The court, under the circumstances therefore, did not err in excluding the will of Miller as a link in the chain of title of appellant, in the absence of evidence of its probate under our laws.

In order to use it as evidence of title to property, it must be properly probated. In this case, as its genuineness is admitted and the proof shows that it has not been under the control of the appellant, nor in its proper place of deposit, (Rev. Stat. Art. 4875) but has been in the possession, and under the control of appellant ever since the death of the testator, it may still be probated, if the appellant takes the proper steps and makes the proper proof to the satisfaction of the court, (Rev. Stat. Art. 1828). No letters testamentary can however issue, yet on sufficient proof the will may be admitted to probate.

Where a will appears to be ancient, and comes from the proper custody, and possession has been had consistent with its terms for a long period of time, and its probate was impossible, or impracticable,

the court might in such a case, to uphold and favor such a long and undisturbed possession, and to protect a right, perhaps be justified in recognizing its validity and genuineness.

1 Greenleaf on Evidence, Sec. 21, and many authorities cited in the note, Sec. 141—Sec. 142 (and note) Sec. 144 and Sec. 570.)

Starkie on Evidence, marginal pages 93, 94, 95, 291, 292, 293, 523 and 524.

This point is not however presented in this case, and we wish it to be understood, that the decision in this case as it should be in all cases, is limited to the exact points necessary to be determined.

The deed from Calistra Dias and her husband, Santos Dias, should have been admitted in evidence, the signature of Santos Dias to the deed, and his acknowledgement was sufficient to show he had joined with his wife in the conveyance.

The court erred, too, in excluding the proof of payment of taxes offered by appellant in evidence, the Comptroller's receipt is neither the best, nor the only evidence of that fact.

In Watson vs. Hopkins 27 Tex., 637, this court held that the law prescribed no more stringent rules concerning the proof of the fact of payment of taxes, than for the establishment of any other fact in the case, and the payment may be shown by direct or circumstantial evidence of a legitimate character.

Deen vs. Wills 21 Tex., 643.

Acklin vs. Paschal 48 Tex., 14.

The court erred, too, in excluding, entirely and for all purposes, the will above referred to even though it was not probated, in as much as its existence and genuineness was admitted in open court, though not proof of title in the absence of evidence of its probate, it could, when admitted to be genuine, be used to show the good faith of appellant in making the purchase, and in putting improvements on the property.

There was error, also, in excluding the evidence offered by appellant to prove the amount of money he had paid for the property; and there was also error in not granting a new trial as the verdict for ($110.00) one hundred and ten dollars damages against the appellant was unsupported by, and against the evidence.

There are also other errors disclosed in the record; in the exclusion of appellant's evidence on the subject of rent, and the final

judgment too; the suit being practically one for partition, was not in the proper form.

It is not however deemed necessary to notice any of the other errors complained of, as on another trial these matters may not come up again.

The judgment is reversed and the cause remanded.